UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 1:07-CV-157-M

JEFFREY DALE YATES
JAMES EDWIN CAUDILL                                                    PLAINTIFFS

v.

AMCA AMERICAN CORPORATION
D/B/A FENN MANUFACTURING and
SPX CORPORATION D/B/A FENN
MANUFACTURING                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by SPX Corporation[1] for summary judgment on Plaintiffs' claims of negligence and strict liability. Fully briefed, the matter is ripe for decision. For the reasons that follow, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiffs commenced this suit against SPX on September 19, 2007, asserting claims of negligence and strict liability as the result of injuries allegedly caused by their use of a "3F2 Die Swaging Machine" while employed at Luvata, a manufacturer of copper tubing. (Complaint, p. 1). They subsequently amended their complaint to include allegations related to their use of Defendant's 2F2 and 3F4 swaging machines. Defendant moved for summary judgment on those claims on December 14, 2009.

---

[1] SPX notes in its reply that it has been "[i]ncorrectly further identified" as "AMCA American Corporation d/b/a Fenn Manufacturing" in Plaintiffs' second amended complaint. (Reply, p. 1). Therefore, notwithstanding the caption of this case, the only defendant is SPX.

Defendant argues that it is entitled to summary judgment on Plaintiffs' claims regarding the 3F2 machine and Plaintiff Caudill's claim regarding the 3F4 machine because those machines were never used by the respective Plaintiffs. Defendant also argues that Plaintiffs' claims regarding the 2F2 machine and Plaintiff Yates' claim regarding the 3F4 machine must fail because Plaintiffs have only disclosed expert testimony concerning the 3F2 machine and therefore "cannot carry their burden of proving causation and defect" with respect to any of the machines they actually used. (Reply, p. 2, 5). Plaintiffs, in response, concede that summary judgment is proper on their claims regarding the 3F2 and Caudill's claim regarding the 3F4. But they argue that Defendant's motion for summary judgment regarding the 2F2 machine and Yates' claim regarding the 3F4 machine is premature since the deadline for providing expert disclosures was extended by the magistrate judge until March 26, 2010.

The Court agrees that the motion regarding the 2F2 machine and Yates' claim regarding the 3F4 machine was premature. Because it was not unreasonable for the magistrate judge to extend the deadline, the Court will not enter summary judgment against Plaintiffs on the sole ground that they failed to disclose all of their expert testimony prior to December 14, 2009, when Defendant's motion for summary judgment was filed. See generally Estes v. King's Daughters Medical Center, 59 Fed. Appx. 749, 753 (6th Cir. 2003) (explaining that "district courts have broad discretion to exclude untimely disclosed expert-witness testimony"); see also Pride v. BIC Corp., 218 F.3d 566, 578-79 (6th Cir. 2000) (upholding the exclusion of untimely expert-witness reports and affidavits).

Therefore, the Court will not grant summary judgment regarding the 2F2 machine and Yates' claim regarding the 3F4 machine at this time. However, since the March 26, 2010 deadline has now passed, and it is unclear whether the disclosures have been made, Defendant may renew its motion for summary judgment on these claims if appropriate.

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** with respect to Plaintiffs' claims regarding the 3F2 machine and Plaintiff Caudill's claim regarding the 3F4 machine. It is **DENIED** with respect to Plaintiffs' claims regarding their use of the 2F2 machine and Yates' claim regarding his use of the 3F4 machine.

cc. Counsel of Record